UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC J. LIVELY, BF9502.<br>Petitioner,<br>v.<br>S. PEERY, Warden,<br>Respondent. | Case No. 21-cv-04222-SK  (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner incarcerated at the California Correctional Center (CCC), has filed a <u>pro se</u> first amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 (FAP) challenging a conviction and sentence from Humboldt County Superior Court. Petitioner also has filed a motion for discovery claiming good cause under Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

The petition is properly before the undersigned for initial review because Petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

On March 28, 2018, Petitioner was sentenced to 15 years to life in state prison after a jury found him guilty of second-degree murder. Petitioner appealed.

On April 15, 2019, the California Court of Appeal affirmed the judgment of the superior court and on July 24, 2019, the Supreme Court of California denied review.

On June 3, 2021, after unsuccessfully seeking habeas relief from the state courts via numerous state petitions, Petitioner filed the instant federal action for a writ of habeas corpus under § 2254 and a motion to stay proceedings under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), so he could exhaust in the state courts additional claims of ineffective assistance of counsel and suppression of evidence allegedly based on newly discovered evidence.

On June 21, 2021, the Court granted the motion for a stay of these federal proceedings under Rhines and instructed Petitioner to return to federal court and move to lift the stay after he exhausts his additional claims in the state courts.

On February 24, 2022, Petitioner filed a first amended petition for a writ of habeas corpus under § 2254 and a motion for discovery claiming good cause under Rule 6(a).[1]

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.  Claims

Petitioner seeks federal habeas corpus relief by raising thirteen claims for relief in the FAP, including prosecutorial misconduct, ineffective assistance of trial counsel, instructional error, insufficiency of the evidence, juror misconduct and denial of counsel on direct appeal.  Liberally construed, the claims appear arguably cognizable under § 2254 and merit an answer from Respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).  Petitioner's motion for discovery also merits a response from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The clerk shall serve electronically (1) a copy of this order and (2) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that Respondent consent or

---

[1] Petitioner also submitted a copy of the Supreme Court of California's December 22, 2021 order denying his final petition for review and relief from the state courts.

decline to consent within 28 days of receipt of service) upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The operative petition (FAP, ECF No. 17) and the motion for discovery (ECF No. 18) are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted, and a response to Petitioner's motion for discovery. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the operative petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and Respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: March 18, 2022

SALLIE KIM
United States Magistrate Judge